UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,                             :
                                                      :
        -against-                                     :
                                                      :
YEVSEY LEKHTMAN,                                      :        **MEMORANDUM & ORDER**
        also known as                                 :
        "Eugene Lekhtman,"                            :        08-CR-508 (DLI)
SIMON BENIMETSKY,                                     :
ROMAN DUDKIN, AND                                     :
YELENA RAYKHMAN,                                      :
        also known as                                 :
        "Yelena Lekhtman,"                            :
                                                      :
                        Defendants.                   :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

The facts underlying this matter were discussed at length in the court's December 15, 2009 Memorandum & Order, *United States v. Lekhtman*, 2009 WL 5095379 (E.D.N.Y. Dec. 15, 2009), denying the Lekhtman defendants' pre-trial omnibus motion in its entirety. (Docket Entry 70.) As such, the parties' familiarity with the factual and procedural history of this case is presumed. The facts are repeated here only to the extent they are relevant to the government's motion *in limine*.

On December 8, 2009, defendants Yevsey Lekhtman, Simon Benimetsky, Roman Dudkin and Yelena Raykhman were named in a five-count second superseding indictment ("Indictment"), charging them with: (1) conspiracy to embezzle, steal and obtain by fraud and materially false statements, funds provided and insured under Subchapter IV of Title 20 of the United States Code, in violation of 20 U.S.C. § 1097(a) ("student aid fraud conspiracy"); (2) a substantive count of fraud in violation of 20 U.S.C. § 1097(a) ("student aid fraud"); (3) theft of public money from the United States Department of Education ("DOE") in violation of 18

1

U.S.C. § 641 ("theft of DOE funds"); (4) conspiracy to obtain visas by submitting false documents to the Immigration and Naturalization Service and Department of Labor ("DOL") in violation of 18 U.S.C. § 1546 ("visa fraud conspiracy"); and (5) theft of public money from the United States Department of Labor, in violation of 18 U.S.C. § 641 ("theft of DOL funds" or "WIA fraud"). The indictment also contains criminal forfeiture allegations with respect to Counts Three, Four and Five. Defendant Dudkin is charged in Counts One through Four only.

The trial of defendant Dudkin[1] is scheduled to begin on February 1, 2010. On December 21, 2009, the government moved, *in limine*, to: (1) introduce evidence regarding Dudkin's alleged participation in two conspiracies with which he is not charged (Count Five and student-visa fraud), pursuant to Federal Rule of Evidence 404(b); (2) preclude the defense from introducing exculpatory statements made by Dudkin during interviews with government agents; and (3) introduce Dudkin's proffer statements, if necessary to rebut any inconsistent factual assertions made by the defense.

On January 19, 2010, the court heard oral argument on the government's motion. At the oral argument, the court was informed of new information regarding the circumstances surrounding the proffer agreement entered into by the parties. Further briefing on this issue was granted and, accordingly, the court reserves decision at this time as to this prong of the government's motion. For the following reasons, the government's motion is granted in part and denied in part.

---

[1] Defendants Lekhtman and Raykhman pled guilty on December 15, 2009 to Count Three of the Indictment. Defendant Benimetsky remains a fugitive from justice.

# DISCUSSION

## I. Evidence of Uncharged Crimes

Federal Rule of Evidence 404(b), which governs the admissibility of evidence concerning defendant's other bad acts and uncharged crimes, provides, in relevant part, that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

FED. R. EVID. 404(b). The Second Circuit has adopted "an inclusionary approach" to Rule 404(b) evidence, precluding admission only when evidence of other bad acts is offered to demonstrate the defendant's criminal propensity. *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (internal quotation marks omitted); *see also United States v. Carlton*, 534 F.3d 97, 101 (2d Cir. 2008). This inclusionary approach, however, "does not obviate the need to identify the fact or issue to which the evidence is relevant." *United States v. Mercado*, 2009 WL 2096234, at *5 (2d Cir. July 17, 2009) (internal quotation marks omitted). "There must be a clear connection between the prior act evidence and a disputed issue at trial." *Id.*; *see also United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993) (probative value of other bad acts "depends largely on whether or not there is a close parallel between the crime charged and the acts shown") (citation and internal quotation marks omitted). Assuming that the evidence is admissible under Rule 404(b), the court must also scrutinize it under Rule 403 to determine if its probative value is substantially outweighed by the potential for unfair prejudice. *See* FED. R. EVID. 403; *United States v. Gilan*, 967 F.2d 776, 782 (2d Cir. 1992).

As a general matter, evidence of other acts is correctly admitted if: "(1) it [is] offered for a proper purpose; (2) it [is] relevant to a disputed trial issue; (3) its probative value is [not] substantially outweighed by its possible [unfair] prejudice; and (4) the trial court administer[s] a

proper limiting instruction." *United States v. Edwards*, 342 F.3d 168, 176 (2d Cir. 2003) (citations omitted).

The government seeks to introduce evidence of the defendant's purported role in the crime charged in Count Five of the Indictment, *i.e.*, theft of DOL funds or WIA fraud, and his role in an uncharged student visa fraud conspiracy allegedly conducted at Centurion. Dudkin was not charged in Count Five, nor were any of the defendants charged with the alleged student visa fraud conspiracy.

    a. Proper Purpose/Reasonable Notice

The government argues that evidence of these similarly conducted, uncharged frauds may be introduced to show Dudkin's intent, plan, knowledge, and opportunity with respect to the charged crimes, as well as the lack of mistake or accident in committing the charged crimes. These are proper purposes under Rule 404(b). The defendant argues that the government's proffer in this regard is insufficient. This argument is without merit. No specific form or particularity of the notice is required. The government cites the proper purposes, the type of evidence that will be probative on those issues, and the precise manner in which the evidence will be relevant and probative. In short, the government's proffer provides "reasonable notice" of the "general nature" of the 404(b) evidence it wishes to introduce.

    b. Relevance

Regarding relevance, the government argues, and defendant's memorandum in opposition to this motion confirms, that Dudkin will defend himself in this case by claiming that he did not intentionally or knowingly engage in fraudulent activity; rather, defendant's theory appears to be that the crimes were orchestrated and perpetrated by the "brainchild and architect of the fraud, Yevsey Lekhtman." (Def's. Mem. in Opp'n at 12.) Such a defense clearly makes

"other act" evidence involving similar crimes, which were conducted in a remarkably similar fashion, during the same time period and involving the same actors, relevant to proving Dudkin's intent, plan, knowledge and opportunity, as well as an absence of mistake or accident.

    c. Rule 403 Balancing

Regarding "probative value," the government argues that the "other act" evidence carries substantial probative value because the defendant's state of mind can only be inferred from the defendant's conduct. The government asserts that the two visa frauds (Count Four and the uncharged student visa fraud) were conducted in a remarkably similar fashion, and that Dudkin's role in both visa frauds was identical (*i.e.*, to receive and track payments from visa recipients, which he did on different tabs of the same electronic spreadsheets). The government further asserts that the methods used to fraudulently obtain both types of student aid funds (from the DOE and the DOL) were similar, and that Dudkin received commissions for obtaining the funds, regardless of whether the grants came from the DOE or the DOL. The government further argues that, to the extent any prejudice exists from the admission of the "other acts" evidence, it can be cured by a limiting instruction.

Defendant argues that the probative value of the "other act" evidence is minimal because the government has ample other evidence to prove wrongful intent. Defendant also argues that the "other act" evidence will confuse the jury and lead to mini-trials, forcing the defendant to explain away these uncharged acts. Defendant lastly argues that the "other act" evidence will lead the jury into drawing impermissible inferences regarding propensity.

The court finds that the probative value of this evidence is not "substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. There is a close parallel between the crimes charged and the "other act" evidence in question. Accordingly, the "other act" evidence

will be extremely probative on the issues for which it is being offered, notwithstanding the fact that the government has other evidence from which a jury could infer Dudkin's intentional participation in the charged crimes. Moreover, the "other act" evidence is in no way inflammatory, nor would it paint Dudkin in a light at all different from the way he will be painted by the evidence concerning his charged acts. Therefore, the court does not believe that there will be any unfair prejudice to the defendant from the introduction of this evidence, let alone prejudice that would substantially outweigh its probative value. However, to reduce any possible prejudice, the court will issue a limiting instruction to the jury, requiring it to consider the "other act" evidence only for the proper purposes described above. The court will further instruct the jurors that they may not infer from this evidence that Dudkin has the propensity to commit any crimes. Lastly, because the "other act" evidence overlaps to a significant degree with the evidence that the government will present in support of the charged crimes, the court does not believe that introducing the "other act" evidence will cause mini-trials or confuse the jury.

Accordingly, because it is apparent that the defendant's knowledge and intent will be in dispute, the court finds that the "other act" evidence is admissible for the limited purposes discussed above. The court also denies defendant's request for a thirty (30)-day adjournment of the February 1, 2010 trial date.

## II. <u>Defendant's Exculpatory Statements</u>

The government seeks to preclude cross-examination of its agents with respect to defendant's exculpatory statements, denying relevant knowledge or involvement in the fraud at Centurion, made during interviews with those agents, should the government introduce testimony regarding other statements the defendant made during said interviews. Defendant

argues that to preclude the defendant from fully and fairly introducing evidence violates his constitutional right to present a meaningful defense.

It is well settled that a defendant's inculpatory statements constitute admissions that could properly be received under longstanding evidentiary rules. *See* FED. R. EVID. 801(d)(2) (statement by one party offered by *adverse party* is not hearsay). On the other hand, self-serving statements by a criminal defendant are routinely excluded as inadmissible hearsay. *See United States v. Peterson*, 100 F.3d 7, 13 (2d Cir. 1996) (defendant who declines to testify is not "unavailable" within the meaning of FED. R. EVID. 804(b)(3)). Under Rule 801(d)(2)(a), "a defendant generally may not introduce his own prior statement for the truth of the matters asserted therein." *United States v. Demosthene*, 334 F. Supp. 2d 378, 381 (S.D.N.Y. 2004). In order for the defendant to introduce such statements for the truth of the matter asserted therein, he must make a proper showing that the statements have a separate basis for admission. "In cases where a defendant seeks to introduce his own statements for the sole purpose of demonstrating that they were made, the fact that such statements were made must be relevant to the central issues in the case." *Id.* (citing *United States v. Marin*, 669 F.2d 74, 84 (2d Cir. 1982)).

Accordingly, to the extent the defendant wishes to introduce his exculpatory statements made to law enforcement officials, he will have the burden at trial to demonstrate a proper basis for their admission, such as: (1) they rebut the government's case in some way; or (2) they are admissible under Federal Rule of Evidence 106. In order to be admissible under the completeness doctrine, the statements must be "necessary to explain the admitted portion, to place the admitted portion into context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999) (quoting *United States v. Castro*, 813 F.2d 571, 575-76 (2d Cir. 1987)). Notably, the

Second Circuit has held the completeness doctrine does not "require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages" or consist of a defendant's own self-serving statements. *Id*

Accordingly, the government's motion is denied without prejudice to renew. Before defendant can introduce any exculpatory statement, he must seek leave from the court and demonstrate a *proper basis* for its admission.

## **CONCLUSION**

For the reasons set forth above, the government's motion is grated in part and denied in part.

SO ORDERED.

Dated: Brooklyn, New York
      January 21, 2010

/s/
DORA L. IRIZARRY
United States District Judge